b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| PINEVILLE FIREFIGHTERS LOCAL 1384, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:20-CV-01111 |
| VERSUS | JUDGE JOSEPH |
| CITY OF PINEVILLE., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand and for Attorney Fees (ECF No. 8) filed by Plaintiffs, the Pineville Firefighters Local 1384 and 41 individual firefighters[1] employed by the City of Pineville, Louisiana (collectively "the Firefighters"). Because federal law does not create a cause of action in this case, and the Firefighters' right to relief does not necessarily depend on the resolution of a substantial question of federal law, Plaintiffs' Motion to Remand (ECF No. 8) should be GRANTED, but Plaintiffs' Motion for Attorney's Fees (ECF No. 8) should be DENIED.

---

[1] Jacob Stroud, James Belgard, Cannon Aslin III, Richard Deen, William Bolen, James Mott, Janet Boone, Kenneth Kessler, Christopher Dugas, Kenneth Herrington, Dennis Rivers, Brian Nichols, Randal Brown, Mark Warren, Michael Mixon, Shane Kessler, Barton Parker, Jr., Marty Strange, Jackie Cozier, Mercella James, Shawn O'Toole, Ashley Arnold, Marcus Washington, Patrick Dutton, Dale Doine, Dustin Schneider, Samuel Delaney, Duane Spears, Corey Jeansonne, Michael Armstrong, Jacob Belgard, Alvin Guillory, Joshua Bordelon, Darla Burlingame, Jessie Tullos, Leon Mitchell, III and Matthews Peterson.

I. <u>Background</u>

The Firefighters filed a suit in the Louisiana Ninth Judicial District Court in Rapides Parish against Defendant City of Pineville ("the City"). They asserted claims for negligent misrepresentation, breach of contract, and negligent infliction of emotional distress. ECF NO. 1-2. Plaintiffs seek back pay, adjustments to present and future wages, adjustments to pension contributions, adjustments to Social Security contributions, damages, costs and attorney's fees.

In 1953, the City was accepted as an additional coverage group under Social Security pursuant to Section 218 of a 1952 Agreement ("Section 218") between the United States Secretary of Health, Education, and Welfare and the State of Louisiana. ECF No. 1-2 at 3-4. At that time, there was no retirement system for the Firefighters. ECF No. 1-2 at 4. In 1980, the City joined the Louisiana Firefighters' Retirement System (La. R.S. 11:2251, et seq.), and unilaterally stopped deducting Social Security taxes from the Firefighters' pay. The City also began making its own in-kind contributions under FICA. ECF No. 1-2 at 4.

In 2015, the United States Internal Revenue Service found the City was violating its obligations under Section 218 and demanded that the City pay approximately $1.2 million in Social Security payments. The City was unable to provide any documentation or evidence that it had withdrawn or opted-out of the Social Security system in 1980. The City settled with the IRS, agreeing to pay $244,475.80. ECF No. 1-2 at 6. The City also began withholding contributions for

Social Security from the Firefighters' pay. ECF No. 1-2 at 6. Plaintiffs argue the Social Security withholdings constitute a breach of their contracts of employment, which include a wage based upon an exemption from Social Security coverage and contribution requirements. ECF No. 1-2 at 5.

The City removed, asserting federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. The Firefighters filed this Motion to Remand. ECF No. 8. And the City answered the Complaint. ECF No. 10.

## II. Law and Analysis

### A. The Court does not have subject matter jurisdiction under § 1331.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See id.* at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law in either of two circumstances: (1) when federal law creates the cause of action asserted; or (2) if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may

entertain without disturbing any congressionally approved balance" of federal and state power. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* 136 S. Ct. 1562, 1569-70 (U.S. 2016) (remanding a case that mentioned but did not dispute a duty established by the Securities Exchange Act of 1934). Federal courts have jurisdiction over a state-law cause of action "brought to enforce" a duty created by federal law, where its "very success depends on giving effect to a federal requirement." *Id.* at 1570; *see also Baca v. Sabine River Authority*, 2017 WL 5957099, at *2 (M.D. La. 2017) (remanding case); *Klein v. Lewis Title Insurance Company, Inc.,* 2017 WL 2889370, at *7-*10 (E.D. La. 2017) (remanding state law contract case).

However, it takes more than a federal element "to open the 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 313 (2005)) (remanding and holding a contract claim for reimbursement created by federal law, that arose from a state court personal-injury suit, does not require the complete governance of federal law to be declared in a federal forum). "Federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Products, Inc.,* 545 U.S. at 313.

On removal, the City alleged that one of the Firefighters' claims falls under 42 U.S.C. § 415(a)(7), the Windfall Elimination Provision ("WEP"). The City

4

contends that the Firefighters' claim–that the City's failure to make continuous contributions to Social Security will significantly reduce their social security benefits under WEP–satisfies federal question jurisdiction. Because federal courts have jurisdiction over the requirement that employers deduct Social Security taxes, then federal courts have jurisdiction over the impact that doing has on an employee's Social Security benefits.

Congress enacted WEP in 1983. WEP provides that the "primary insurance amount" of certain individuals entitled to benefits must be "computed or recomputed" in accordance with § 415(a)(7)(B):

> (7)(A) In the case of an individual whose primary insurance amount would be computed under paragraph (1) of this subsection, who—
>
>> (i) attains age 62 after 1985 (except where he or she became entitled to a disability insurance benefit before 1986 and remained so entitled in any of the 12 months immediately preceding his or her attainment of age 62), or
>> (ii) would attain age 62 after 1985 and becomes eligible for a disability insurance benefit after 1985,
>
> and who first becomes eligible after 1985 for a monthly periodic payment (including a payment determined under subparagraph (C), but excluding (I) a payment under the Railroad Retirement Act of 1974 or 1937, (II) a payment by a social security system of a foreign country based on an agreement concluded between the United States and such foreign country pursuant to section 433 of this title, and (III) a payment based wholly on service as a member of a uniformed service (as defined in section 410(m) of this title)) which is based in whole or in part upon his or her earnings for service which did not constitute "employment" as defined in section 410 of this title for purposes of this subchapter (hereafter in this paragraph and in subsection (d)(3) referred to as "noncovered service"), the primary insurance amount of that individual during his or her concurrent entitlement to such

monthly periodic payment and to old-age or disability insurance benefits shall be computed or recomputed under subparagraph (B).

Pursuant to WEP, the primary insurance amount will be recomputed when the claimant is entitled to "a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute 'employment' as defined in section 410 of this title for purposes of this subchapter." 42 U.S.C. § 415(a)(7)(A); see also *Rabanal v. Colvin*, 987 F. Supp. 2d 1106, 1110 (D. Colo. 2013) (citing *Fernandez v. Barnhart*, 200 Fed. Appx. 325, 326-27 (5th Cir. 2006)). WEP therefore "applies to any individual who earned both covered and noncovered wages. WEP was enacted to eliminate the windfall such an individual would enjoy in the absence of such a provision." *Fernandez*, 200 Fed. Appx. 325, 327 (5th Cir. 2006) (citing *Das v. Department of Health and Human Services,* 17 F.3d 1250, 1253 (9th Cir. 1994) and *Stroup v. Barnhart,* 327 F.3d 1258, 1259-60 (11th Cir. 2003), cert. den., 540 U.S. 1074 (U.S. 2003)).

Because the City did not pay and withhold Social Security taxes for the Firefighters until 2015, the Firefighters are considered to have both covered and non-covered wages. And because the Firefighters will receive a pension from the State of Louisiana, their primary insurance amounts for Social Security benefits will be recomputed under WEP.

The Firefighters argue they have not made a claim under WEP. The Firefighters contend that paragraph 35 of their Complaint is for damages caused by the City's failure to make continuous contributions to Social Security throughout

their employment, resulting in significantly reduced benefits pursuant to WEP. As a result, their causes of action are based on the City's negligent misrepresentation that the Firefighters were exempt from Social Security coverage and contributions, and the City's breach of the Firefighters' employment contracts. In the Firefighters' view, their claims lie in Louisiana tort and contract law, rather than under WEP.

The Firefighters do not dispute the applicability of WEP, nor do they dispute the calculation of their Social Security benefits under WEP. Instead, they contend WEP is, or will be, applicable to their claims for Social Security benefits, thereby reducing their benefits because of the City's error. The Firefighters argue the City owes each of them compensation for its error that resulted, or will result, in a reduction of their Social Security benefits under WEP.

The Firefighters point out that a "claim" under WEP: (1) invokes an exception to WEP; (2) challenges the constitutionality of WEP; (3) seeks to have benefits recomputed by the Commissioner of Social Security; (4) seeks to remedy a reduction in benefit as a result of WEP; (5) raises a question of law related to WEP; or (6) disputes the number of "years [or quarters] of coverage" in Social Security.[2] The Firefighters have not made any of those claims.

---

[2] Cases involving disputes over the applicability and/or application of WEP typically evolve from a computation of benefits by the Social Security Administration ("SSA") and exhaustion of administrative remedies. *See Fernandez,* 200 Fed. Appx. at 326 (claimant challenged the SSA's reduction of his retirement benefits under WEP); *Stroup,* 327 F.3d at 1259 (claimant appealed the SSA's calculation of his disability insurance benefits under WEP); *Das,* 17 F.3d at 1252 (claimant appealed the reduction of his retirement benefits pursuant to WEP); *Rabanal,* 987 F. Supp. 2d at 1108 (claimant sought review of the SSA's reduction of his retirement benefits under WEP).

The Firefighters also contend they have identified an item of damages based on the reduced number of years [quarters] of coverage they each have for purposes of computing benefits under WEP. But they clarify that their benefits reduction is the result of: (1) the City's negligent misrepresentation that the Firefighters were not included in the City's Social Security coverage; and (2) the City's breach of the employment contracts between the City and the individual Firefighters. Claims for negligent misrepresentation and breach of contract are distinct from claims under WEP, because there is no dispute as to the amount of coverage provided or the applicability of WEP to the computation of their benefits. The Firefighters argue that invocation of a federal law as a measure of damages under state law does not present a substantial federal question under § 1331.

This contention has merit. The Firefighters have not requested review of final rulings of the Commissioner of Social Security on their benefits claims. The Firefighters are not challenging the applicability of WEP to their Social Security benefits. The Firefighters are not challenging the computations of their benefits. Instead, they are alleging Louisiana tort and contract law claims. They raise WEP only as a measure of their damages. Because federal law does not create a cause of action in this case, and the Firefighters' right to relief does not necessarily depend on the resolution of a substantial question of federal law, the Court does not have federal question jurisdiction over this case.

B.  <u>Plaintiffs' Motion for Attorney's Fees should be denied.</u>

Plaintiffs seek attorney's fees and costs incurred if the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

However, there is no automatic entitlement to an award of attorney's fees. *See Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). When the district court remands a case to state court, it may award the non-removing party its attorneys' fees and expenses incurred as a result of the removal. But absent unusual circumstances, a district court should typically decline to award fees where the defendant had an "objectively reasonable basis for removal." *See Riverside Construction Co., Inc. v. Entergy Mississippi, Inc.,* 626 Fed. Appx. 443, 445 (5th Cir. 2015) (as revised) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)). In determining whether a defendant had objectively reasonable grounds for removal, a court must "evaluate the objective merits of removal at the time of removal." *See Riverside Construction Co., Inc.,* 626 Fed. Appx. at 445 (citing *Valdes,* 199 F.3d at 293). The mere fact that a district court ultimately concludes that removal was improper is not a sufficient ground for awarding attorneys' fees. *See id.* (citing *Valdes,* 199 F.3d at 292).

The Firefighters have not substantively argued or evidenced that the City's conduct in removing this action was objectively unreasonable. And the Court cannot independently find the removal baseless in this case. There was, and is, a legitimate argument for federal jurisdiction, even if that argument was ultimately unsuccessful. Therefore, the Motion for Attorney Fees (ECF No. 8) should be DENIED.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Firefighters' Motion to Remand (ECF No. 8) be GRANTED and this case be REMANDED to the 9th Judicial District Court, Rapides Parish, Louisiana.

IT IS FURTHER RECOMMENDED that, in accordance with its terms and after further jurisdictional review, the Court's initial Jurisdictional Review Finding (ECF No. 5) is hereby VACATED.

IT IS FURTHER RECOMMENDED that the Firefighters' Motion for Attorney's Fees (ECF No. 8) is DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.

Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, April 8, 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge